| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-8177** |
| **SUPERIOR DISCOUNT, LLC,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-8179** |
| **JOSEPH TRUONG, INC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-8180** |
| **KATTOUM, INC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-8184** |
| **MKM GROUP, LLC,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Related Case:*

**SREAM, INC.,**
    **Plaintiff**

**VERSUS**

**SLIDELL QUICK STOP, INC.,**
    **Defendant**

**CIVIL ACTION**

**NO.  17-8186**

**SECTION: "E" (1)**


*Related Case:*

**SREAM, INC.,**
    **Plaintiff**

**VERSUS**

**DOCK QUICK SHOP, LLC,**
    **Defendant**

**CIVIL ACTION**

**NO.  17-8191**

**SECTION: "E" (1)**


*Related Case:*

**SREAM, INC.,**
    **Plaintiff**

**VERSUS**

**KWIK E MART, ET AL.**
    **Defendants**

**CIVIL ACTION**

**NO.  17-8193**

**SECTION: "E" (1)**


*Related Case:*

**SREAM, INC.,**
    **Plaintiff**

**VERSUS**

**M&S FUEL, LLC,**
    **Defendant**

**CIVIL ACTION**

**NO.  17-8205**

**SECTION: "E" (1)**

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 17-8216** |
| | |
| **E-Z PICK, INC.,** | **SECTION: "E" (1)** |
| **Defendant** | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 17-8218** |
| | |
| **VILLAGE 2015, INC.,** | **SECTION: "E" (1)** |
| **Defendant** | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 17-8238** |
| | |
| **DISCOUNT N-OUT, LLC** | **SECTION: "E" (1)** |
| **Defendant** | |

*Related Case:*

| | |
|---|---|
| **SREAM, INC.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 17-8242** |
| | |
| **SUPER DISCOUNT GAS, INC.,** | **SECTION: "E" (1)** |
| **Defendant** | |

*Related Case:*

**SREAM, INC.,**                                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **NO. 17-8243**

**QUICKYS DISCOUNT,**                                    **SECTION: "E" (1)**
    **Defendant**


*Related Case:*

**SREAM, INC.,**                                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **NO. 17-8244**

**DANNY FOOD STORE,**                                    **SECTION: "E" (1)**
    **Defendant**


*Related Case:*

**SREAM, INC.,**                                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **NO. 17-8246**

**CLAIRBORNE EXPRESS,**                                  **SECTION: "E" (1)**
    **Defendant**


*Related Case:*

**SREAM, INC.,**                                         **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **NO. 17-8252**

**SHELL 3032 EXPRESS, LLC,**                             **SECTION: "E" (1)**
    **Defendant**


***Applies to: All Cases***

## **ORDER AND REASONS**

Before the Court are Motions to Dismiss filed by various Defendants;[1] Motions for

Rule 11 Sanctions filed by Defendants Joseph Troung, Inc.,[2] E-Z Pick, Inc.,[3] and Quickys

Discount;[4] Motions for Leave to Amend the Complaints to Add Additional Party Plaintiff

to All Counts filed by Plaintiff Sream, Inc. ("Sream");[5] and Motions to Stay filed by

Defendants Superior Discount, LLC,[6] MKM Group, LLC,[7] Discount-N-Out,[8] and Quickys

Discount.[9] For the following reasons, the Motions to Dismiss are **GRANTED IN PART**

and **DENIED IN PART.** The Motions for Rule 11 Sanctions are **DENIED.** The Motions

for Leave to File Amended Complaints are **GRANTED**. The Motions to Stay are

**DENIED**.

## **BACKGROUND**[10]

Sream is a California corporation that manufacturers glass products and various

smokers' articles, including water pipes.[11] Sream alleges it is the exclusive United States

---

[1] Case No. 17-8177, R. Doc. 60 (filed by Superior Discount, LLC), R. Doc. 64 (filed by Guide-One National Insurance Company), R. Doc. 65 (filed by India Imports LLC); Case No. 17-8179, R. Doc. 41 (filed by Joseph Truong, Inc.), R. Doc. 42 (Motion to Dismiss and for Rule 11 Sanctions filed by Joseph Truong, Inc.); Case No. 17-8184, R. Doc. 55 (filed by MKM Group, LLC), R. Doc. 57 (filed by India Imports, LLC); Case No. 17-8191, R. Doc. 34 (filed by Dock Quick Stop, LLC); Case No. 17-8205, R. Doc. 51 (filed by M&S Fuel, LLC), R. Doc. 53 (filed by India Imports LLC); Case No. 17-8216, R. Doc. 31 (Motion to Dismiss and for Rule 11 Sanctions filed by E-Z Pick, Inc.); Case No. 17-8238, R. Doc. 52 (filed by Discount-N-Out, LLC), R. Doc. 56 (filed by India Imports, Inc.); Case No. 17-8243, R. Doc. 67 (filed by Quickys Discount).
[2] Case No. 17-8179, R. Doc. 42.
[3] Case No. 17-8216, R. Doc. 31.
[4] Case No. 17-8243, R. Doc. 67.
[5] Case No. 17-8177, R. Doc. 67; Case No. 17-8179, R. Doc. 43; Case No. 17-8180, R. Doc. 32; Case No. 17-8184, R. Doc. 59; Case No. 17-8186, R. Doc. 34; Case No. 17-8191, R. Doc. 37; Case No. 17-8193, R. Doc. 33; Case No. 17-8205, R. Doc. 56; Case No. 17-8216, R. Doc. 35; Case No. 17-8218, R. Doc. 23; Case No. 17-8238, R. Doc. 60; Case No. 17-8242, R. Doc. 30; Case No. 17-8243, R. Doc. 73; Case No. 17-8244, R. Doc. 40; Case No. 17-8246, R. Doc. 39; Case No. 17-8252, R. Doc. 28.
[6] Case No. 17-8177, R. Doc. 52.
[7] Case No. 17-8184, R. Doc. 51.
[8] Case No. 17-8238, R. Doc. 43.
[9] Case No. 17-8243, R. Doc. 34.
[10] Unless otherwise indicated, when referring to allegations contained in the Complaint, the Court cites to the Amended Complaint, R. Doc. 8., filed in the lowest numbered action, No. 17-8177.  These allegations also appear in the other complaints.
[11] Case No. 17-8177, R. Doc. 8 at ¶ 10.

licensee authorized to use the trademark "RooR" and alleges it has the authority by license from the trademark's owner to police and enforce the RooR marks within the United States.[12] Sream alleges Defendants sold counterfeit merchandise bearing the RooR mark.[13]

On August 24, 2017, Sream filed the captioned actions, asserting the following causes of action against the Defendant(s) in each case: (1) a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114 and (2) a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).[14]

Defendant Quickys Discount, LLC in case no. 17-8243 instituted a Petition for Cancellation of the RooR marks in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board (TTAB).[15] As a result of the cancellation action before the TTAB, several Defendants, including Quickys, filed Motions to Stay[16] requesting this Court stay these proceedings pending a ruling on the cancellation action from the TTAB. Currently, the TTAB proceedings are suspended pending final determination of these civil actions.[17]

Because concerns had been expressed as to Sream's standing to assert its claims, on January 15, 2019, the Court ordered Defendants to file any motions to dismiss based

---

[12] *Id.*
[13] *Id.* at ¶¶ 6, 20-30.
[14] *Id.* at ¶¶ 41-63.
[15] *Jafar Abukhalil, Inc. d/b/a Quickys Discount v. Roor International BV*, No. 92069681(T.T.A.B. Sept. 27, 2018); Case No. 17-8243, R. Doc. 34-5.
[16] Case No. 17-8177, R. Doc. 52 (filed by Superior Discount, LLC); Case No. 17-8184, R. Doc. 51 (filed by MKM Group, LLC); Case No. 17-8238, R. Doc. 43 (filed by Discount-N-Out); Case No. 17-8243, R. Doc. 34 (filed by Quickys Discount).
[17] *Jafar Abukhalil, Inc. d/b/a Quickys Discount v. Roor International BV*, No. 92069681 (T.T.A.B. Nov. 5, 2018); Case No. 17-8243, R. Doc. 41-1. Under Trademark Rule 2.117(a), 37 C.F.R. § 2.117, whenever the Board is made aware that "a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding."

on Plaintiff's lack of standing by no later than January 28, 2019.[18] In their Motions to Dismiss, several Defendants also moved for sanctions under Federal Rule of Civil Procedure 11.[19] In response to the Motions to Dismiss, Sream moved for leave to amend its Complaint to add Roor International BV, the owner of the RooR trademark, as an additional Plaintiff.[20] The Defendant(s) in some cases oppose the Motions for Leave to Amend the Complaints;[21] Defendants in ten cases do not oppose the Motions for Leave to Amend the Complaints.[22]

## LAW AND ANALYSIS

### I.    Motions to Dismiss for Lack of Standing

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[23] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[24] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[25]

---

[18] Case. No. 17-8177, R. Doc. 57. The court issued this order in all of the captioned cases.
[19] Case No. 17-8179, R. Doc. 42 (filed by Joseph Truong, Inc.); Case No. 17-8216, R. Doc. 31 (filed by E-Z Pick, Inc.); Case No. 17-8243, R. Doc. 67 (filed by Quickys Discount).
[20] *See* documents cited in note 5.
[21] Case No. 17-8177, R. Doc. 72 (Opposition filed by Superior Discount, LLC), R. Doc. 73 (Opposition fled by Guide-One National Insurance Company); Case No. 17-8184, R. Doc. 64 (Opposition filed by MKM Group); Case No. 17-8205, R. Doc. 60 (Opposition filed by M&S Fuel, LLC); Case No. 17-8238, R. Docs. 62, 71 (Opposition filed by Discount-N-Out); Case No. 17-8243, R. Doc. 81 (Opposition filed by Quickys Discount); Case No. 17-8244, R. Doc. 39 (Opposition filed by Danny Food Store).
[22] No opposition to the Motion for Leave was filed in the following cases: Case No. 17-8179; Case No. 17-8180; Case No. 17-8186; Case No. 17-8191; Case No. 17-8193; Case No. 17-8216; Case No. 17-8218; Case No. 17-8242; Case No. 17-8244; Case No. 17-8246.
[23] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[24] *See* FED. R. CIV. P. 12(b)(1).
[25] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

Standing is a required element of subject matter jurisdiction properly challenged in a

Federal Rule of Civil Procedure 12(b)(1) motion to dismiss.[26]

A plaintiff's standing, and thus the court's subject matter jurisdiction, may be

challenged through a facial attack or a factual attack on the complaint.[27] A facial attack is

based on the face of the complaint and the documents attached to the complaint.[28] A facial

attack is treated similarly to a motion under 12(b)(6)—the court must consider the

allegations in the complaint as true.[29] However, if a Rule 12(b)(1) motion is based on and

supported by evidence presented by the movant, the motion is a factual attack on subject

matter jurisdiction, and the court does not presume that the allegations in the complaint

are true.[30] Instead, the court has the power to make factual findings which are decisive of

jurisdiction.[31]

Sream attaches to its Complaints a copy of the trademark registrations for the

RooR marks [32] and the licensing agreement between Martin Birzle and Sream. [33]

Defendants attach documents to their Motions to Dismiss demonstrating the "unlawful

use" of the RooR marks. Although the court has discretion to consider evidence attached

a motion to dismiss for lack of subject matter jurisdiction, the documents provided by the

Defendants are not germane to the Court's determination of standing.[34] Instead, the

attachments support Defendants' affirmative defense of invalidity of the trademark but

---

[26] *Gaylor v. Inland Am. McKinney Towne Crossing LP*, No. 4:13-CV-307, 2014 WL 1912388, at *1 (E.D. Tex. May 13, 2014).
[27] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *In re FEMA*, 668 F.3d at 287; *Gaylor*, 2014 WL 1912388 at *1.
[28] *Gaylor*, 2014 WL 1912388, at *1.
[29] *Paterson*, 644 F.2d at 523; *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).
[30] *Williamson*, 645 F.2d at 412-13.
[31] *Id.*
[32] Case No. 17-8177, R. Doc. 8-1.
[33] Case No. 17-8177, R. Doc. 8-2.
[34] *See* 5B C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, pp. 243–249 (3d ed.2004).

need not be considered with respect to Sream's standing. [35] The allegations of the Complaint and the documents submitted by the Plaintiff are sufficient for the Court to determine whether Sream has standing to assert its claims under both 15 U.S.C. § 1114 and 15 U.S.C. § 1125. A determination of whether Sream has standing to assert its claims does not require the Court to make factual findings. Accordingly, Defendants' motions are a facial attack on Plaintiff's standing and the Court's subject matter jurisdiction. Because Defendants mount a facial attack, the Court examines the Complaint and documents attached thereto and considers the allegations in the Complaint as true.[36]

### A. Trademark Counterfeiting and Infringement Claim Under 15 U.S.C. § 1114

Section 32 of the Lanham Act, 15 U.S.C. § 1114, creates a cause of action for infringement of a registered trademark. The cause of action is available only to "the registrant" of the mark. [37] The term "registrant" includes "the legal representatives, predecessors, successors and assigns of such applicant or registrant." [38] An "truly exclusive licensee, one who has the right even to exclude his licensor from using the mark," may also bring a cause of action under 15 U.S.C. § 1114 when the terms of its license give it status equal to that of an assignee.[39]

Defendants argue Sream lacks standing to assert a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114 because it is not the registrant or owner of the trademark and because the terms of the license agreement do not equate

---

[35] *See Sream v. Two Bros. Inv. of Palm Beach, Inc.*, No. 16-81780, 2017 WL 4685267, at *5-6 (S.D. Fla. Oct. 18, 2019).

[36] *Paterson*, 644 F.2d at 523; *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

[37] 15 U.S.C. § 1114.

[38] 15 U.S.C. § 1127.

[39] *Icee Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 589 (5th Cir. 2003); *see, e.g., Sream, Inc. v. Grateful J's, Inc.*, No. 17-60458, 2017 WL 6409004, at *4 (S.D. Fla. Oct. 13, 2018); *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F.Supp.2d 1269, 1280 (S.D. Fla. 2013).

Sream to an assignee. Sream alleges, and the trademark registrations attached to the Complaints demonstrate, Martin Birzle is the registrant of the RooR marks.[40] Sream does not argue it is the legal representative, predecessor, successor or assignee of Martin Birzle. Instead, Sream alleges its status as an exclusive licensee makes it equal to an assignee and gives it standing to assert a claim under 15 U.S.C. § 1114.

Other courts have analyzed the licensing agreement at issue and concluded that Sream lacks standing to assert a claim under 15 U.S.C. § 1114 because the license agreement does not confer upon Sream the status of an assignee.[41] This Court is persuaded by the reasoning in *Sream v. Grateful J's, Inc.* and likewise concludes Sream's status as the exclusive licensee does not equate to an assignment under which it would be permitted to bring a claim pursuant to 15 U.S.C. § 1114.[42] Under the license agreement, Sream "acknowledges ownership of the mark, including all goodwill associated therewith" remains with Martin Birzle.[43] Sream's use of the mark is restricted to the products listed in Schedule B of the agreement and in accordance with Birzle's "Brand Image Policy," attached as Schedule C.[44] Compliance with these restrictions is determined at the sole discretion of Birzle.[45] The agreement limits Sream's use of the marks to the United States and permits Birzle to use the marks elsewhere.[46] Taken together, the contractual provisions demonstrate the contract is an exclusive license arrangement only, with ultimate control and ownership of the trademarks resting with Birzle.[47] As a result, the

---

[40] Case No. 17-8177, R. Doc. 8 at ¶ 9; R. Doc. 8-1.
[41] *Grateful J's Inc.*, 2017 WL 6409004, at *4; *Sream, Inc. v. Habsa Enterp.*, No. 16-81662, 2018 WL 1463655, at *2-3 (S.D. Fla. Jan. 31, 2018).
[42] *Grateful J's Inc.*, 2017 WL 6409004, at *4.
[43] Case No. 17-8177, R. Doc. 8-2 at ¶ 2.1.
[44] *Id.* at ¶ 2.2.
[45] *Id.* at ¶ 3.2.
[46] *Id.* at ¶ 1.2.
[47] *See Icee Distributors, Inc.*, 325 F.3d at 589.

licensing agreement does not confer upon Sream status equal to that of an assignee, and Sream lacks standing to bring a claim under 15 U.S.C. § 1114. Accordingly, the Motions to Dismiss Sream's claims for trademark counterfeiting and infringement under 15 U.S.C. § 1114 are granted.

The Court may raise the jurisdictional question of standing *sua sponte*, despite the parties' failure to raise it.[48] No motion to dismiss was filed in the following cases: 17-8180; 17-8186; 17-8193; 17-8218; 17-8242; 17-8244; 17-8246; 17-8252. Because the Court concludes Sream lacks standing to bring a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114, this claim will be dismissed against all Defendants in all cases for lack of subject matter jurisdiction.

### B. False Designation of Origin Claim Under 15 U.S.C. § 1125

Section 43 of the Lanham Act, 15 U.S.C. § 1125, permits "any person who believes that he or she is likely to be damaged" by the defendant's actions to bring suit against "any person who, on or in connection with any goods. . . uses in commerce any word, term, name, symbol, . . . or any combination thereof, or any false designation of origin . . . which– is likely to cause confusion, or to cause mistake, or to deceive as to . . . the origin, sponsorship, or approval of his or her goods." In *Lexmark International v. Static Control Components, Inc.*, the Supreme Court clarified the parameters for who may sue under Section 43 of the Lanham Act. To establish standing to bring a claim under § 1125(a), "a plaintiff must allege an injury to a commercial interest in reputation or sales" (the zone of interest test) and such injury must be "proximately caused by [the defendant's] violation."[49]

---

[48] *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 334 (5th Cir. 2002) (citing *Henderson v. Stalder*, 287 F.3d 374, 379 n. 5 (5th Cir.2002)).
[49] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 527 U.S. 118, 131-32 (2014).

In its Complaints, Sream alleges it has suffered injury to its commercial interest in reputation or sales of the marks as a result of the Defendants' sale of counterfeit products bearing the RooR mark.[50] Sream alleges it has a commercial interest in reputation or sales of the marks because the license agreement grants Sream the exclusive right to manufacture and sell products bearing the RooR mark within the United States.[51] Sream alleges its injury was proximately caused by Defendants' sale of counterfeit RooR pipes, diverting potential sales from Sream.[52]

Defendants argue Sream lacks standing to assert its claim under 15 U.S.C. § 1125 because the "zone of interests" afforded protection by the Lanham Act does not extend to products which are not in lawful use. The cases cited by Defendants discussing the unlawful use doctrine primarily involve the refusal to register marks and do not relate to standing under the Lanham Act or the zone of interests test. Because they are registered, the RooR marks are presumptively valid.[53] Based on the allegations contained in the Complaints and documents attached thereto, Sream is in the "zone of interests" protected by the Lanham Act and its injury was proximately caused by the Defendants' actions. As a result, Sream has standing to assert a claim under 15 U.S.C. § 1125. The Motions to Dismiss Sream's claims for false designation of origin under 15 U.S.C. § 1125 are denied.

## II.  Motions Requesting Rule 11 Sanctions

In their Motions to Dismiss, several Defendants requested the Court impose Rule 11 sanctions on Sream in the form of attorney's fees.[54] These Defendants argue Sream filed

---

[50] Case No. 17-8177, R. Doc. 8 at ¶¶ 31, 33, 35-36, 38, 61-62.
[51] Case No. 17-8177, R. Doc. 8-2 at ¶ 1.2.
[52] Case No. 17-8177, R. Doc. 8 at ¶¶ 35, 61.
[53] 15 U.S.C. § 1115. To the extent the registered RooR marks have been in continuous use for five consecutive years, the marks are "incontestable." 15 U.S.C. § 1065.
[54] Case No. 17-8179, R. Doc. 42 (filed by Joseph Truong, Inc.); Case No. 17-8216, R. Doc. 31 (filed by E-Z Pick, Inc.); Case No. 17-8243, R. Doc. 67 (filed by Quickys Discount).

12

a frivolous lawsuit for an improper purpose without first sending a cease and desist letter[55] and that Sream was aware it lacked standing to assert its claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114.[56] Defendants point out that numerous district courts have found Sream lacks standing to bring a claim pursuant to 15 U.S.C. § 1114 and that Sream has conceded it lacks standing to bring that claim in another case.[57]

Rule 11(c) permits a district court to impose sanctions on any attorney, law firm, or party for misconduct or abuse of the legal system. In determining whether sanctions under Rule 11 are appropriate, the Court is guided by the following factors:

> (1) whether the improper conduct was willful or negligent;
> (2) whether it was part of a pattern of activity, or an isolated event;
> (3) whether it infected the entire pleading, or only one particular count or defense;
> (4) whether the person has engaged in similar conduct in other litigation;
> (5) whether it was intended to injure;
> (6) what effect it had on the litigation process in either time or expense;
> (7) whether the responsible person is trained in law;
> (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and
> (9) what amount is needed to deter similar activity by other litigants.[58]

Sanctions pursuant to Rule 11 are not appropriate in this case. There is no evidence Sream's conduct was willfully improper. Sream filed the captioned lawsuits on August 24, 2017. Other district courts did not find Sream lacks standing to assert a claim under 15 U.S.C. § 1114 until October 31, 2017, at the earliest.[59] Although in another case Sream

---

[55] Case No. 17-8179, R. Doc. 42-1 at 3-4; Case No. 17-8216, R. Doc. 31-1 at 3-4.
[56] Case No. 17-8179, R. Doc. 42-1 at 7-9; Case No. 17-8216, R. Doc. 31-1 at 7-9; Case No. 17-8243, R. Doc. 67 at 5-6.
[57] Case No. 17-8179, R. Doc. 42-1 at 7-9; Case No. 17-8216, R. Doc. 31-1 at 7-9; Case No. 17-8243, R. Doc. 67 at 5-6; *see Habsa Enterp.*, 2018 WL 1463655, at *2-3; *Grateful J's Inc.*, 2017 WL 6409004, at *4.
[58] FED. R. CIV. P. 11(c), advisory committee's notes to 1993 amendment.
[59] *See Grateful J's, Inc.*, 2017 WL 6409004; *Sream v. Habsa Enterp.*, No. 16-81662, 2018 WL 1463655 (S.D. Fla. Jan. 31, 2018).

conceded it "lacks sufficient evidence to establish standing" to bring a claim under 15 U.S.C. § 1114, Sream did not make this concession until December 18, 2017.[60] There is no evidence to suggest that, at the time Sream filed the captioned lawsuits on August 24, 2017, it had knowledge it lacked standing to bring a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114. As a result, the motions requesting Rule 11 sanctions are denied.

### III.  Motions for Leave to Amend

After several Defendants filed Motions to Dismiss for Lack of Standing, arguing Sream lacks standing to assert its claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114, Sream moved for leave to amend its complaints to add Roor International BV as an additional plaintiff.[61] The Motions for Leave and the proposed amended complaints filed by Sream allege that Roor International BV is the current owner of the RooR marks and, as the owner of the marks, Roor International BV has standing to assert a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114.

Several Defendants oppose the Motions for Leave, arguing that, because Sream lacks standing to assert either of the claims in the original Complaint, the Court lacks subject matter jurisdiction and cannot grant Sream leave to amend the Complaint. The Court has determined Sream has standing to assert its claim for false designation of origin

---

[60] *Sream, Inc. v. Stop N Go*, Case No. 9:16-cv-81660-WPD, (S.D. Fla.), R. Doc. 49 at 1, *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law* (filed December 18, 2017); *see Habsa Enterp.*, 2018 WL 1463655 at *1 (Sream's "concedes that at this time it lacks sufficient evidence to establish standing for Count I [trademark counterfeiting and infringement under 15 U.S.C. 1114] and Count II [trademark counterfeiting under 15 U.S.C. § 1116] of the Plaintiff's Complaint.").
[61] See documents cited in note 5.

under 15 U.S.C. § 1125. Accordingly, the Court has jurisdiction to grant Plaintiff leave to amend its complaint and must now determine whether it will grant such leave.

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[62]  A district court must possess a "substantial reason" to deny a motion for leave under Rule 15(a).[63] Whether to grant leave to amend a complaint is generally left to the court's sound discretion.[64] In considering whether to exercise its discretion, the court considers several factors, including:

> (1) whether permitting the amendment would cause undue delay or undue prejudice;
> (2) whether the movant is acting in bad faith or with a dilatory motive;
> (3) whether denying the amendment would prejudice the movant; and
> (4) whether the amendment adds substance or is germane to the original complaint.[65]

Permitting the amended complaint will not cause undue delay. Although the Court set a July 2, 2018 deadline for any amendments to pleadings, trial is not set to begin until August 19, 2019.[66] The discovery deadline is not until June 4, 2019. Sream and Roor International BV will be represented by the same counsel. Counsel for Plaintiffs is familiar with the facts and issues with respect to these cases and has represented Sream since the filing of the original Complaints. The pretrial deadlines and trial will not be delayed.

Permitting the amended complaint will not cause undue prejudice to Defendants. The amended complaint does not add new substantive allegations but rather asserts the

---

[62] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[63] *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[64] *In re Norplant Contraceptive Prod. Liab. Litig.*, 163 F.R.D. 255, 257 (E.D. Tex. 1995) (citing Earlie v. Jacobs, 745 F.2d 342, 345 (5th Cir.1984)).
[65] *Id.*
[66] Case No. 17-8177, R. Doc. 34 at 12.

same two causes of action as the original Complaint. The factual allegations in the amended complaint are largely identical to those in the original Complaint. As a result, the amendment is germane to the original Complaint. Additionally, there is no evidence to suggest Sream is acting in bad faith or with a dilatory motive in seeking to add Roor as an additional plaintiff. Finally, denying the motion for leave would prejudice Sream. As a result, Plaintiff's Motions for Leave to Amend the Complaint are granted.

However, the proposed amended complaints attached to the Motions for Leave will not be filed into the record. Plaintiff is directed to file revised versions of the amended complaints signed by counsel indicating he represents both Sream and Roor International BV, assuming this is the case. The exhibits referenced in the amended complaints must be attached. Counsel for Plaintiffs shall ensure that all Defendants are properly named.[67]

## IV. Motions to Stay Pending Determination of Cancellation Action Before the TTAB

Defendant Quickys Discount, LLC in case no. 17-823 brought a counterclaim against Sream, seeking a declaratory judgment that the Roor trademark is invalid and unenforceable and seeking cancellation of the trademark.[68] Quickys also instituted a Petition for Cancellation in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board (TTAB).[69] Currently, the TTAB proceedings are suspended pending final determination of these civil actions.[70] As a result of the

---

[67] For example, the proposed amended complaint in case no. 17-8205 names as Defendant Discount Zone 5268. The Court has ordered that all future pleadings reflect that M&S Fuel, LLC, not Discount Zone 5268, is the proper Defendant. *See* Case No. 17-8205, R. Doc. 61. The Court has ordered all future pleadings in Case No. 17-8184 reflect that MKM Group, LLC is the proper defendant in that case. The Court has ordered all future pleadings in Case No. 17-8238 reflect that Discount N-Out, LLC is the proper defendant in that case.

[68] Case No. 17-8243, R. Doc. 33 at 12.

[69] *Jafar Abukhalil, Inc. d/b/a Quickys Discount v. Roor International BV*, No. 92069681(T.T.A.B. Sept. 27, 2018); Case No. 17-8243, R. Doc. 34-5.

[70] *Jafar Abukhalil, Inc. d/b/a Quickys Discount v. Roor International BV*, No. 92069681(T.T.A.B. Nov. 5, 2018); Case No. 17-8243, R. Doc. 34-5 R. Doc. 41-1. Under Trademark Rule 2.117(a), 37 C.F.R. § 2.117,

cancellation action before the TTAB, several Defendants filed Motions to Stay, [71] requesting this Court stay the proceedings in the instant actions pending a ruling on the cancellation action from the TTAB.

A district court has wide discretion to stay a pending matter in order to control its docket and promote the interests of justice.[72] A court may stay an action pending the conclusion of an alternative proceeding, "whether the separate proceedings are judicial, administrative, or arbitral in character."[73] In considering whether to grant a stay, the Court weighs several "'competing interests which will be affected by the granting or refusal to grant a stay.'"[74] These competing interests include the following: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (2) "the possible damage which may result from the granting of a stay"; and (3) "the hardship or inequity which a party may suffer in being required to go forward."[75] The decision to grant or deny a stay is a matter of judgment and is reviewed by the Court of Appeals for abuse of discretion.[76]

---

whenever the Board is made aware that "a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding."

[71] Case No. 17-8177, R. Doc. 52 (filed by Superior Discount, LLC); Case No. 17-8184, R. Doc. 51 (filed by MKM Group, LLC); Case No. 17-8238, R. Doc. 43 (filed by Discount-N-Out); Case No. 17-8243, R. Doc. 34 (filed by Quickys Discount).

[72] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir.1990); *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[73] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979).

[74] *Fishman Jackson PLLC v. Israely*, 180 F.Supp.3d 476, 482 (N.D.Tex. 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[75] *Id.* Sream characterizes these competing interests as "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be conserved by avoiding duplicative litigation if the case were stayed." R. Doc. 34-4 at 5. This characterization is merely another way of phrasing the same factors.

[76] *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir.1997).

Staying this case to await a decision on the cancellation action before the TTAB will not promote the orderly course of justice. Under 15 U.S.C. § 1119 a district court has concurrent jurisdiction with the TTAB over the registration and cancellation of trademarks.[77] The Ninth Circuit and First Circuit have held that when "a potential infringement claim 'requires the district court to resolve much or all of [the registration issues], it would waste everyone's time not to settle the registration issue now, in district court.'"[78] The Court agrees with this reasoning. The addition of Roor International BV as a plaintiff enables the Court to adjudicate causes of action asserted by in the original amended complaint, as well as any counter-claim for cancellation of the trademark asserted by Defendants. Additionally, "the possible damage which may result from the granting of a stay" and "the hardship or inequity which a party may suffer in being required to go forward" do not weigh in favor of staying this case.[79] The parties are entitled to a prompt resolution of their claims rather than awaiting the resolution of a protracted proceeding before the TTAB. As a result, the Motions to Stay are denied.

## CONCLUSION

**IT IS ORDERED** that the Motions to Dismiss Sream's claims under 15 U.S.C. § 1114 filed by Defendants Superior Discount,[80] Guide-One National Insurance Company,[81] and India Imports LLC[82] in case no. 17-8177; Defendant Joseph Truong, Inc.[83] in case no.

---

[77] 18 U.S.C. § 1119; *see also Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996); *W & G Tenn. Imports, Inc. v. Esselte Pendaflex Corp.*, 769 F. Supp. 264, 266 (M.D. Tenn. 1991).
[78] *Rhoades*, 504 F. 3d at 1165 (quoting *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 81 (1st Cir. 1996).
[79] *Id.* Sream characterizes these competing interests as "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be conserved by avoiding duplicative litigation if the case were stayed." R. Doc. 34-4 at 5. This characterization is merely another way of phrasing the same factors.
[80] R. Doc. 60.
[81] R. Doc. 64.
[82] R. Doc. 65.
[83] R. Docs. 41, 42.

17-8179; Defendants MKM Group, LLC [84] and India Imports, LLC[85] in case no. 17-8184; Defendant Dock Quick Stop, LLC[86] in case no. 17-8191; Defendants M&S Fuel, LLC[87] and India Imports, LLC[88] in case no. 17-8205; Defendant E-Z Pick, Inc.[89] in case no. 17-8216; Defendants Discount-N-Out, LLC[90] and India Imports, LLC[91] in case No. 17-8238; and Defendant Quickys Discount[92] in case no. 17-8243 are **GRANTED** and Sream's claims under 15 U.S.C. § 1114 are **DISMISSED WITH PREJUDICE** in those actions. Pursuant to the Court's *sua sponte* determination of its subject matter jurisdiction, Sream's claims under 15 U.S.C. § 1114 are **DISMISSED WITH PREJUDICE** against all Defendants in the following captioned cases: 17-8177; 17-8179; 17-8180; 17-8184; 17-8186; 17-8191; 17-8193; 17-8205; 17-8216; 17-8218; 17-8238; 17-8242; 17-8243; 17-8244; 17-8246; and 17-8252. The Motions to Dismiss Sream's claims under 15 U.S.C. § 1125 are **DENIED**.

**IT IS FURTHER ORDERED** that the requests for Rule 11 sanctions made by Defendant Joseph Truong, Inc.[93] in case no. 17-8179; Defendant E-Z Pick, Inc.[94] in case no. 17-8216; and Defendant Quickys Discount[95] in case no. 17-8234 are **DENIED.**

**IT IS FURTHER ORDERED** that the Motions for Leave to Amend Complaint to Add Additional Party Plaintiff filed by Sream[96] are **GRANTED**. Sream is given leave

---

[84] R. Doc. 55.
[85] R. Doc. 57.
[86] R. Doc. 34.
[87] R. Doc. 51.
[88] R. Doc. 53.
[89] R. Doc. 31.
[90] R. Doc. 52.
[91] R. Doc. 56.
[92] R. Doc. 67.
[93] R. Doc. 42.
[94] R. Doc. 31.
[95] R. Doc. 67.
[96] Case No. 17-8177, R. Doc. 67; Case No. 17-8179, R. Doc. 43; Case No. 17-8180, R. Doc. 32; Case No. 17-8184, R. Doc. 59; Case No. 17-8186, R. Doc. 34; Case No. 17-8191, R. Doc. 37; Case No. 17-8193, R. Doc. 33; Case No. 17-8205, R. Doc. 56; Case No. 17-8216, R. Doc. 35; Case No. 17-8218, R. Doc. 23; Case No. 17-8238, R. Doc. 60; Case No. 17-8242, R. Doc. 30; Case No. 17-8243, R. Doc. 73; Case No. 17-8244, R. Doc. 40; Case No. 17-8246, R. Doc. 39; Case No. 17-8252, R. Doc. 28.

to file an amended complaint in the following captioned cases by no later than **Monday, March 11, 2019**: 17-8177; 17-8179; 17-8180; 17-8184; 17-8186; 17-8191; 17-8193; 17-8205; 17-8216; 17-8218; 17-8238; 17-8242; 17-8243; 17-8244; 17-8246; and 17-8252. The amended complaint shall be signed by counsel for both Sream, Inc. and Roor International BV, shall have all referenced exhibits attached, and shall properly name each Defendant.

**IT IS FURTHER ORDERED** that the Motions to Stay filed by Defendant Superior Discount, LLC in case no. 17-8177;[97] Defendant MKM Group, LLC in case no. 17-8184;[98] Defendant Discount-N-Out, LLC in case no. 17-8238;[99] and Defendant Quickys Discount in case no. 17-8243[100] are **DENIED**.

**New Orleans, Louisiana, this 1st day of March, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[97] R. Doc. 52.
[98] R. Doc. 51.
[99] R. Doc. 43.
[100] R. Doc. 34.